UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE E. MERDIA,<br>Plaintiff,<br>v.<br>RON DAVIS, et al.,<br>Defendant(s). | Case No. 18-cv-06433-CRB (PR)<br>**ORDER OF DISMISSAL**<br>(ECF No. 2) |

While plaintiff was incarcerated at San Quentin State Prison (SQSP), he filed this pro se action under 42 U.S.C. § 1983 alleging that SQSP officials improperly refused to review a VIO administrative determinant (a classification score additive for a prisoner who has a current or prior conviction for a violent felony) at his initial classification hearing on February 15, 2018 on the ground that the VIO administrative determinant could not be reviewed until plaintiff's annual classification hearing. At plaintiff's annual classification hearing on August 10, 2018, the VIO administrative determinant was reviewed and removed, lowering plaintiff's classification score and entitling him to earn more good time credits. Plaintiff seeks injunctive and monetary relief and leave to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915.

Plaintiff's claim for injunctive relief is dismissed as moot because he recently was released on parole. But based solely on his affidavit of poverty, plaintiff's motion for leave to proceed IFP (ECF No. 2) is GRANTED.

**DISCUSSION**

A. Standard of Review

The court "shall" dismiss any case brought IFP if it "determines" that the allegation of poverty is untrue, or that the action is "frivolous or malicious;" "fails to state a claim on which relief may be granted;" or "seeks monetary against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Legal Claims

The gravamen of plaintiff's action is that SQSP officials improperly applied title 15, section 3375.2(b)(29)(J) of the California Code of Regulations to refuse to review his VIO administrative determinant until his annual classification hearing. Section 3375.2(b)(29)(J), now 3375.2(b)(28)(J), provides in pertinent part that "[a]n inmate who has a VIO administrative determinant currently or who is determined to require review for consideration of a VIO administrative determinant . . . shall be eligible for consideration of removal of an existing VIO during the annual classification review." But according to plaintiff, SQSP officials instead should have applied section 3491 which, pursuant to Proposition 57, requires the Department of Corrections and Rehabilitation (CDCR) to conduct a parole eligibility review "within 60 calendar days of an inmate's admission to the department." Cal. Code Regs. tit. 15, § 3491(c). Plaintiff argues that if SQSP officials properly had applied section 3491 and reviewed his VIO at his initial classification hearing, they would have removed the VIO earlier than they did and he would have earned more good time credits and been eligible for parole consideration earlier than he was.

It is well-established that there is no constitutional right to time credits or to parole. See Board of Pardons v. Allen, 482 U.S. 369, 373 (1987). A state nonetheless may create a protected liberty interest in time credits and/or parole that may not be forfeited without procedural due process protections. For example, time credits earned by a prisoner under California law generally may not be forfeited without the procedural protections of notice and an opportunity to be heard, see Toussaint v. McCarthy, 801 F.2d 1080, 1094-95 (9th Cir. 1986), and a prisoner found eligible for parole consideration under California law may not be denied parole without a hearing and a statement of reasons for the parole board's decision, see Swarthout v. Cooke, 562 U.S. 216, 219-20 (2011). But plaintiff's claim that he would have earned more good time credits and been eligible for parole consideration earlier than he was had prison officials applied section 3491, rather than section 3375.2(b)(29)(J), and removed his VIO earlier than they did, is simply too attenuated to implicate the deprivation of a protected liberty interest without procedural due process protections. It instead amounts to no more than a claim of misapplication of state law not cognizable as a violation of a federal right under § 1983. See West, 487 U.S. at 48. That plaintiff asserts violations of federal due process and equal protection does not compel a different

2

conclusion. See Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997) (in federal habeas case, noting that petitioner may not "transform state law issue into a federal one merely by asserting a violation of due process"); see also Easton v. Crossland Mortg. Corp., 114 F.3d 979, (9th Cir. 1997) (finding that federal question jurisdiction cannot be sustained where plaintiff alleged state law claims which only incidentally referenced federal statute or constitution).

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED**.

Dated: February 14, 2019

_____
CHARLES R. BREYER
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE E. MERDIA,<br><br>    Plaintiff,<br><br>    v.<br><br>RON DAVIS, et al.,<br><br>    Defendants. | Case No. 3:18-cv-06433-CRB<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 14, 2019, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Dwayne E. Merdia
2231 N. Hanover Avenue
Fresno, CA 93727


Dated: February 14, 2019

                                                Susan Y. Soong
                                              Clerk, United States District Court

                                              By:_____
                                              Lashanda Scott, Deputy Clerk to the
                                              Honorable CHARLES R. BREYER